CLD-224                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1392
_____

IN RE:  CHRISTOPHER HANSON,
                                                      Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 5:11-cv-01293)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 10, 2014
Before: FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: April 16, 2014 )
_____

OPINION
_____

PER CURIAM

Christopher Hanson, a Pennsylvania state prisoner, petitions for a writ of

mandamus compelling the U.S. District Court for the Eastern District of Pennsylvania to

grant or, at a minimum, adjudicate Hanson's habeas petition filed pursuant to 28 U.S.C.

§ 2254.  See E.D. Pa. 5:11-cv-01293.

Hanson's habeas petition appears to raise claims based upon potential Brady

violations.  In March 2011, the District Court dismissed Hanson's petition as an

unauthorized second and successive petition, and, upon application to this Court, we authorized its filing. See C.A. No. 11-1846. In 2012, the District Court again dismissed Hanson's petition, without prejudice, for failure to exhaust available state court remedies. Hanson exhausted his state court remedies in January 2014, and filed a motion in the District Court requesting that it adjudicate his revised habeas petition. Hanson filed this petition for a writ of mandamus one month later.[1]

We have previously held that a writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). However, Hanson has failed to demonstrated undue delay. The Magistrate Judge assigned to Hanson's case filed a Report and Recommendation on March 21, 2014, recommending that the habeas petition be dismissed as time-barred and procedurally defaulted. Hanson filed objections to the R&R on March 31, 2014, and the case remains pending. The Magistrate Judge's Report and Recommendation and Hanson's objections have been before the District Judge for a very short period of time, one that clearly does not rise to the level of undue delay and does not warrant our intervention. See id.

---

[1] Hanson, in his petition for a writ of mandamus, discusses his Brady claims and the eventual exhaustion of his state court remedies. While specifically asking that this Court "free" him, we interpret this as a request that we order the District Court to either grant or, in light of his motion to the District Court asking it to render its decision, adjudicate his habeas petition.

2

To the extent Hanson is requesting that this Court order the District Court to grant his habeas petition and "free" him, Hanson is not entitled to the requested relief. Mandamus is a drastic remedy available in only the most extraordinary circumstances, and "should not be issued where relief can be obtained through an ordinary appeal." In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998) (quoting Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 462 (3d Cir.1996)). Hanson's objections to the Magistrate Judge's Report and Recommendation are currently pending. If the District Court nevertheless adopts the Magistrate Judge's Report and Recommendation and dismisses Hanson's habeas petition, he will be entitled to seek relief through the appellate process.

For the foregoing reasons, we deny Hanson's petition for a writ of mandamus.